Albin H. Gess (#52404)
agess@swlaw.com
Andrew S. Flior (#268367)
aflior@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendants
Plummers, Inc.,
Scandinavian Designs, Inc., and
Dania, Incorporated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOGART, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>PLUMMERS, INC., a California corporation; SCANDINAVIAN DESIGNS, INC., a California corporation; DANIA, INCORPORATED, a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 2:10-cv-04151-GAF -PLA<br><br>**ANSWER TO COMPLAINT**<br><br>JUDGE:   Hon. Gary A. Feess<br>DATE OF REMOVAL: June 4, 2010 |

Defendants Plummers, Inc., Scandinavian Designs, Inc., and Dania, Incorporated ("Defendants"), hereby answer the Complaint of Plaintiff Bogart, LLC ("Plaintiff") as follows:

1. Answering Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and on that basis deny each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Defendants admit

1  Plummers, Inc., Scandinavian Designs, Inc., and Dania, Incorporated are affiliated
2  companies and collectively own and operate approximately forty (40) retail
3  furniture stores in the United States. Defendants admit Defendants' stores are
4  located in California (22 stores), Washington state (6 stores), Illinois (5 stores),
5  Oregon (3 stores), Colorado (2 stores), and Minnesota and Nevada (1 store each).
6  Except where expressly admitted, Defendants deny each and every allegation in
7  Paragraph 2 of the Complaint.
8        3.    Answering Paragraph 3 of the Complaint, Defendants deny each and
9  every allegation in Paragraph 3.
10       4.    Answering Paragraph 4 of the Complaint, Defendants are without
11 sufficient knowledge or information to form a belief as to the truth of the
12 allegations in Paragraph 4, and on that basis deny each and every allegation
13 contained therein.
14       5.    Answering Paragraph 5 of the Complaint, Defendants admit
15 Plummers, Inc. is, and at all relevant times was, a corporation organized and
16 existing under the laws of the State of California, and doing business in the County
17 of Los Angeles, State of California.
18       6.    Answering Paragraph 6 of the Complaint, Defendants admit
19 Scandinavian Designs, Inc., is, and at all relevant times was, a corporation
20 organized and existing under the laws of the State of California. Defendants deny
21 all remaining allegations of Paragraph 6.
22       7.    Answering Paragraph 7 of the Complaint, Defendants admit Dania,
23 Incorporated is, and at all relevant times was, a corporation organized and existing
24 under the laws of the State of Washington.
25       8.    Answering Paragraph 8 of the Complaint, Defendants are without
26 sufficient knowledge or information to form a belief as to the truth of the
27 allegations in Paragraph 8, and on that basis deny each and every allegation
28 contained therein.

9. Answering Paragraph 9 of the Complaint, Defendants deny each and every allegation in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis deny each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendants admit that copies of pages listing movie titles were attached as Exhibit B, and as to every other allegation, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny each and every of those allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis deny each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, Defendants deny each and every allegation in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis deny each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis deny each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Defendants deny each and every allegation in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, Defendants deny each and

1  every allegation in Paragraph 24.

2  25.  Answering Paragraph 25 of the Complaint, Defendants deny each and
3  every allegation in Paragraph 25.

4  26.  Answering Paragraph 26 of the Complaint, Defendants deny each and
5  every allegation in Paragraph 26.

6  27.  Answering Paragraph 27 of the Complaint, Defendants incorporate by
7  reference Defendants' responses to Paragraphs 1 through 26, inclusive.

8  28.  Answering Paragraph 28 of the Complaint, Defendants deny each and
9  every allegation in Paragraph 28.

10  29.  Answering Paragraph 29 of the Complaint, Defendants deny each and
11  every allegation in Paragraph 29.

12  30.  Answering Paragraph 30 of the Complaint, Defendants deny each and
13  every allegation in Paragraph 30.

14  31.  Answering Paragraph 31 of the Complaint, Defendants deny each and
15  every allegation in Paragraph 31.

16  32.  Answering Paragraph 32 of the Complaint, to the extent Paragraph 32
17  represents a statement the Defendants must affirm or deny, the Defendants deny
18  each and every allegation contained therein.

19  33.  Answering Paragraph 33 of the Complaint, Defendants incorporate by
20  reference its responses to Paragraphs 1 through 32, inclusive.

21  34.  Answering Paragraph 34 of the Complaint, Defendants deny each and
22  every allegation in Paragraph 34.

23  35.  Answering Paragraph 35 of the Complaint, Defendants deny each and
24  every allegation in Paragraph 35.

25  36.  Answering Paragraph 36 of the Complaint, Defendants deny each and
26  every allegation in Paragraph 36.

27  37.  Answering Paragraph 37 of the Complaint, Defendants deny each and
28  every allegation in Paragraph 37.

38. Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 32, 34 through 36, inclusive.

40. Answering Paragraph 40 of the Complaint, Defendants deny each and every allegation in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, Defendants deny each and every allegation in Paragraph 41.

42. Answering Paragraph 42 of the Complaint, Defendants deny each and every allegation in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 32, 34 through 36, 40 and 41, inclusive.

45. Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation in Paragraph 46.

47. Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation in Paragraph 47.

48. Answering Paragraph 48 of the Complaint, Defendants incorporate by reference Defendants' responses to Paragraphs 1 through 32, inclusive.

49. Answering Paragraph 49 of the Complaint, Defendants deny each and every allegation in Paragraph 49.

50. Answering Paragraph 50 of the Complaint, Defendants deny each and every allegation in Paragraph 50.

51. With regard to Plaintiff's prayer for relief, Defendants allege that Plaintiff is not entitled to any relief and should be denied all relief.

## AFFIRMATIVE DEFENSES

52. As separate and affirmative defenses and objections to the Complaint, Defendants further allege as follows:

### FIRST AFFIRMATIVE DEFENSE

53. Defendants are informed and believe, and thereupon allege, that Plaintiff's causes of action are barred by any and all applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

54. Defendants are informed and believe, and thereupon allege, that Plaintiff's causes of action are barred by any and all applicable statutes of limitation pursuant to the single publication rule.

### THIRD AFFIRMATIVE DEFENSE

55. Defendants are informed and believe, and thereupon allege, that Plaintiff has unreasonably delayed in bringing this action against Defendants, and further that such delay has resulted in prejudice to Defendants, and that Plaintiff's causes of action are therefore barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

56. Use of the word "Bogart" in connection with any of the goods identified in the Complaint does not constitute the use of a deceased personality's name, voice, signature, photograph, or likeness within the meaning of the applicable law.

### FIFTH AFFIRMATIVE DEFENSE

57. Use of the word "Bogart" in connection with any of the goods identified in the Complaint does not constitute the use of a deceased personality's name, voice, signature, photograph, or likeness in direct connection with a commercial sponsorship or paid advertising within the meaning of the applicable

law.

## SIXTH AFFIRMATIVE DEFENSE

58. Use of the word "Bogart" in connection with any of the goods identified in the Complaint presents no likelihood of confusion to a relevant consumer regarding the source of the goods, within the meaning of the applicable law. Plaintiff's alleged "Bogart" trademark comprises a weak mark lacking distinctiveness. Aside from being primarily a surname, the mark "Bogart" has a dictionary meaning "to use or consume without sharing," thus representing a highly desirable product.

## SEVENTH AFFIRMATIVE DEFENSE

59. Use of the word "Bogart" in connection with any of the goods identified in the Complaint does not comprise a false representation to a relevant consumer regarding any sponsorship by Humphrey Bogart, within the meaning of the applicable law.

## EIGHT AFFIRMATIVE DEFENSE

60. Plaintiff's alleged trademark "Bogart" does not comprise a famous mark, within the meaning of the applicable law.

## NINTH AFFIRMATIVE DEFENSE

61. Use of the word "Bogart" in connection with any of the goods identified in the Complaint does not comprise a theft of Plaintiff's goodwill, within the meaning of the applicable law.

## TENTH AFFIRMATIVE DEFENSE

62. Defendants are informed and believe, and therefore allege, that Plaintiff has suffered no damages stemming from any cause of action referred to in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

63. Any damages claimable by the Plaintiff resulting from a violation of Humphrey Bogart's right of publicity are limited to those that accrued after the

11607590

ANSWER TO PLAINTIFF'S COMPLAINT

1 | Plaintiff's Successor-in-Interest Registration in the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

64. Discovery in this matter may reveal additional bases for an avoidance or affirmative defense. Defendants reserve the right to amend this Answer to plead such affirmative defenses should they be discovered.

**WHEREFORE**, Defendants pray for relief as follows:

1. That the Court deny all relief requested by Plaintiff;
2. That judgment be entered in Defendants' favor on the Complaint;
3. That Defendants be awarded its costs of suit and attorneys' fees to the extent recoverable by law; and
4. That Defendants be granted such other and further relief as the Court deems appropriate.

Dated: June 9, 2010           SNELL & WILMER L.L.P.


By: /s/ Albin H. Gess
    Albin H. Gess
    Andrew S. Flior
    Attorneys for Defendants Plummers, Inc., Scandinavian Designs, Inc., and Dania, Incorporated

*Bogart, LLC, etc. v. Plummers, Inc., etc., et al..*
US District Court, Central District of California, Case No. 2:10-cv-04151-GAF-PLA

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2010, I electronically filed the document described as **Answer to Complaint** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Charles J. Harder, Esq.
Wolf, Rifkin, Shapiro, Schulman
& Rabkin, LLP
11400 West Olympic Blvd., 9th Floor
Los Angeles, CA 90064-1582

charder@wrslawyers.com

Attorneys for Plaintiff Bogart, LLC
Tel: 310-478-4100
Fax: 310-479-1422

Dated: June 9, 2010

SNELL & WILMER L.L.P.

By: /s/Albin H. Gess
    Albin H. Gess
    Andrew S. Flior
    Attorneys for Defendants Plummers, Inc.,
    Scandinavian Designs, Inc., and
    Dania Incorporated

11612212.1

CERTIFICATE OF SERVICE

*Bogart, LLC v. Plummers, Inc., etc., et al.*
US District Court, Central District of California, Case No. 2:10-cv-04151-GAF-PLA

## PROOF OF SERVICE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

    On June 9, 2010, I served, in the manner indicated below, the foregoing document described as **Answer to Complaint** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Charles J. Harder, Esq.<br>Wolf, Rifkin, Shapiro, Schulman<br>& Rabkin, LLP<br>11400 West Olympic Blvd., 9th Floor<br>Los Angeles, CA 90064-1582 | Attorneys for Plaintiff<br><br>Tel: 310-478-4100<br>Fax: 310-479-1422 |

[X] **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

[ ] **BY FACSIMILE:** (C.C.P. § 1013(e)(f)).

[ ] **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

[ ] **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

                                      ********

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on June 9, 2010, at Costa Mesa, California.

_/s/ Rosemary McKay_
Rosemary McKay