UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOGART, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>PLUMMERS, INC., a California corporation; SCANDINAVIAN DESIGNS, INC., a California corporation; DANIA, INCORPORATED, a Washington corporation; and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO. CV 10-04151-GAF (PLAx)<br><br>**PROTECTIVE ORDER** |

## **PROTECTIVE ORDER**

Good cause having been shown to the satisfaction of this Court, it is hereby ordered that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by the parties currently named - defendants Plummers, Inc., Scandinavian Designs, Inc., and Dania, Incorporated ("Defendants") and plaintiff Bogart, LLC ("Plaintiff") - or later joined in this Action and all third parties subject to discovery herein:

## GOOD CAUSE STATEMENT

1. The issues presented by the complaint and answer in this action will most likely require an exchange of confidential business information, such as product sales, revenue and profits, customer names, business and license agreements, as well as celebrity valuation, all of which are considered proprietary and confidential to the disclosing party, because public dissemination of such could irreparably harm the disclosing party.

## PURPOSES AND LIMITATIONS

2. Because Discovery in this Action is likely to involve the production of certain confidential business information, such as product sales information, financial information including revenues and profits, customer names and business agreements, including license agreements, and celebrity valuations, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereto stipulate to and petition the Court to enter this stipulated protective order (the "Protective Order") pursuant to Federal Rules of Civil Procedure ("FRCP"), rule 26(c) to protect the above enumerated information against unauthorized disclosure and to ensure that such information will be used only for purposes of this Action. The parties acknowledge that this Protective Order does not confer blanket protection on all disclosure or responses to discovery, and the protection it affords extends only to the information items listed above or elsewhere in this Protective Order. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 for the United States District Court, Central District of California sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

# DEFINITIONS

3. The following terms, as used within this Protective Order are defined as follows:

a. <u>Action</u>:  means and refers to the above-captioned lawsuit entitled *Bogart, LLC v. Plummers, Inc., et al.*, United States District Court, Central District of California Case No. CV 10-04151-GAF (PLAx), all actions now or later consolidated with the Action, and any appeal from the Action, through final judgment;

b. <u>Party or Parties</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff);

c. <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, writings and information, whether in hard copy form, in electronically readable form, verbal, or otherwise) that are produced or generated in disclosures or responses to discovery in this Action;

d. <u>"Confidential" Information or Items</u>:  all information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under the Federal Rules of Civil Procedure.

e. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party;

f. <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this Action;

g. <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential";

h. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential";

i. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action;

j. <u>In-House Counsel</u>:  all attorneys who are employees of a Party;

k. <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs);

l. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a party and who, at the time of retention, is not anticipated to become an employee of a party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

m. <u>Professional Vendor(s)</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## SCOPE

4.   The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal the substance of the Protected Material.

## DURATION

5.   Even after the termination of the Action, the confidentiality obligations imposed by this Protective Order on the Parties shall remain in effect until a

1    Designating Party agrees otherwise, in writing, or a court order otherwise directs.

## DESIGNATION OF PROTECTED MATERIAL

3    6. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or nonparty that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

7. <u>Manner And Timing Of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

    a. <u>For documents</u> (apart from transcripts of depositions or other pretrial or trial proceedings): The designation "Confidential" should be made in the lower right hand corner of the document, or such other area of the document as to avoid obscuring any original material. To the extent that a party produces a multi-page document, the legend "Confidential" must be affixed to each page of the document so designated. A party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential". After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or

|    |   |
|----|---|
| 1  | portions thereof, qualify for protection under this Protective Order; |
| 2  | then, before producing the specified documents, the producing party |
| 3  | must affix the legend "Confidential" in the manner indicated above. |
| 4  | b. <u>For discovery responses</u>, the designation "Confidential" should be |
| 5  | made on the caption page; the Protected Material should be segregated |
| 6  | from the remainder of the discovery responses and served separately. |
| 7  | If a Producing Party or non-party agrees to make original documents or |
| 8  | materials available for inspection, that Producing Party or non-party |
| 9  | need not designate those documents or materials as Protected Material |
| 10 | until after the inspecting Party has indicated which material it would |
| 11 | like copied and produced.  During the inspection and before the |
| 12 | designation, all of the material made available for inspection shall be |
| 13 | deemed "Confidential." |
| 14 | c. <u>Testimony</u> taken at a deposition, conference, hearing, or trial, as well |
| 15 | as exhibits used in connection with such testimony, may be designated |
| 16 | as "Confidential" by making a statement to that effect on the record at |
| 17 | the deposition or other proceeding.  Arrangements shall be made with |
| 18 | the court reporter taking and transcribing such proceeding to bind |
| 19 | separately such portions of the transcript containing information |
| 20 | designated as Protected Material and to label such portions with the |
| 21 | appropriate designation.  When it is impractical to identify separately |
| 22 | each portion of testimony that is entitled to protection, and when it |
| 23 | appears that substantial portions of the testimony may qualify for |
| 24 | protection, any Party and any non-party that sponsors, offers, or gives |
| 25 | the testimony may invoke on the record before the deposition or |
| 26 | proceeding is concluded a right to have up to thirty (30) days from the |
| 27 | date of receipt of a copy of the transcript to identify the specific |
| 28 | portions of the testimony as to which protection is sought.  Only those |

     portions of the testimony that are appropriately designated for protection within the thirty (30) day period shall be covered by the provisions of this Protective Order.  A deposition transcript containing Protected Material shall not be filed with the Court unless submitted in accordance with the procedures set forth in paragraph 18 below.

  d. <u>For information produced in some other form, and for any other tangible items</u>:  the Designating Party must affix in a prominent place on the exterior of any container, canister, disk, CD, DVD, or other media or receptacle in which Protected Material is kept or stored the legend "Confidential".  If there is no place upon which to put such legend, then the Designating Party must describe in writing and in sufficient detail the Protected Material, indicate whether the Protected Material is designated "Confidential" and provide this writing to all other Parties before or at the time production is made or, in the case of a production of Protected Material by a third party, within thirty (30) days of that production.

 8. <u>Inadvertent Failures To Designate</u>.  An inadvertent failure to designate a disclosure or discovery materials as Protected Material at the time of production, may be remedied by supplemental written notice given by the Producing Party.  Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated shall be fully subject to this Protective Order as if it had been initially so designated; provided, however, that the Receiving Party shall incur no liability for any previous treatment of such information in conformance with its original designation.  The Party receiving such notice shall make a reasonable, good faith effort to insure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.

9. <u>Inadvertent Production of Privileged Information</u>.  The inadvertent production of any privileged document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product within the meaning of FRCP 26, and no Party or entity shall be held to have waived any rights by such inadvertent production.  In the case of inadvertent production, the Receiving Party, upon written request by the Producing Party, shall (i) return the original and all copies of such documents within ten (10) days of receiving the request, and (ii) shall not use such information for any purpose until further order of the Court.  Any analyses, memoranda, or notes which were internally generated based upon such information shall be destroyed.   Nothing herein will restrict the Party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work-product doctrine or from referring to the fact that the material had been produced; provided, however, the Party filing the motion cannot refer to the content of the document or contend that any privilege has been waived.

**CHALLENGING CONFIDENTIALITY OBJECTIONS**

10. <u>Timing Of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid a foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. <u>Meet And Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by giving written notice to the Designating Party and to all other Parties in the Action.  In its notice, the Challenging Party must explain the basis for

1  its belief that the confidentiality designation is improper.  Within 10-days of the
2  date of the written challenge, the Designating Party must provide written notice to
3  the Challenging Party that it will re-designate the Protected Material as requested in
4  the written challenge or that it will not and explain the basis for its belief the
5  confidentiality designation is proper.

6        12.    <u>Judicial Intervention</u>.  A Party that elects to pursue a challenge to a
7  confidentiality designation after considering Designating Party's explanation for the
8  basis of its belief that its confidentiality designation is proper may do so according
9  to the requirements of Civil Local Rule 37.  If the Joint Stipulation required under
10 Civil Local Rule 37 or portions of the Joint Stipulation are to be filed under seal,
11 good cause must be shown to the Court as to why the Joint Stipulation or portions
12 thereof should be filed under seal.  Pending the Court's ruling on the challenge, all
13 Parties shall continue to afford the material in question the level of protection to
14 which it is entitled under the Designating Party's designation.

15 **ACCESS TO AND USE OF PROTECTED MATERIAL**

16       13.   Except with the prior consent of the Designating Party or upon prior
17 order of a court of competent jurisdiction, Protected Material shall not be disclosed
18 except in accordance with the terms of this Protective Order.  A Receiving Party
19 may use Protected Material that is disclosed or produced by another Party or by a
20 non-party in connection with this case only for prosecuting, defending, or
21 attempting to settle this litigation, including any appeals.  Such Protected Material
22 may be disclosed only to the categories of persons and under the conditions
23 described in this Protective Order.  Protected Material must be stored and
24 maintained by a Receiving Party at a location and in a secure manner that ensures
25 that access is limited to the persons authorized under this Protective Order. When
26 the Action has terminated, a Receiving Party must comply with the provisions of
27 paragraph 21 below.
28

14. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material or any other information or item designated as "Confidential" only to the following:

   a. the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation, all of whom shall be deemed bound by the terms of this Protective Order;

   b. In-House Counsel of a Receiving Party to whom disclosure is reasonably necessary for the litigation and who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   c. the officers, directors, members, and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   d. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

   e. the Court and its personnel;

   f. Professional Vendors, including court reporters, copy services and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

   g. during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for purposes of this litigation;

   h. the author of the document or the original source of the information; and

i.  witnesses who have already had access to the Confidential Information.

15.  <u>Agreement To Be Bound By Protective Order</u>.

    a.  Outside Counsel for each Party will be responsible for maintaining the originals of the "Acknowledgement and Agreement To Be Bound By Protective Order" until the conclusion of this Action, including any appeals.  At such time, Outside Counsel for each Party shall serve a copy of each such acknowledgment upon Outside Counsel for each other Party if requested by the other Party.  The Parties agree not to use these acknowledgments for any purpose other than monitoring and enforcing compliance with this Protective Order.

    b.  Any person, other than the Court, or the Court's staff, who receives Protected Material pursuant to paragraph 13 above shall not disclose such information to any person who is not entitled to receive such information under this Protective Order.  In addition, any such person will only make such copies and summaries of the Protected Material as are essential to enable him or her to render the assistance required in connection with this litigation, and, upon his or her termination of work in connection with the Action, will return to the Outside Counsel who provided such Protected Materials to him or her all such copies, of the Protected Materials and summaries thereof.  Any such person shall not use the Protected Material, or any information contained therein, or derived therefrom, for business or competitive purposes, or for any purpose other than the prosecution or defense of this Action.

## DEPOSITION PROCEDURES

16.  At any deposition session, when use of a document or the answer to a question is likely to result in the disclosure of Protected Material, Outside Counsel shall have the option, in lieu of taking other steps available under the FRCP, to request that all persons other than the reporter, Counsel, and individuals specified in

1  paragraph 13 above leave the deposition room during the "Confidential" portion of
2  the deposition.

### UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4      17.    The Parties acknowledge that disclosure of Protected Material, or
5  information derived therefrom, could cause irreparable harm to the interests of the
6  Designating Party. If a Receiving Party learns that, by inadvertence or otherwise, it
7  has disclosed Protected Material to any person or in any circumstance not
8  authorized under this Protective Order, the Receiving Party must immediately
9  (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use
10 its best efforts to retrieve all copies of the Protected Material, (c) inform the person
11 or persons to whom unauthorized disclosures were made of all the terms of this
12 Protective Order, and (d) request such person or persons to execute the
13 "Acknowledgment and Agreement to Be Bound by Protective Order" that is
14 attached hereto as Exhibit A.

### FILING PROTECTED MATERIAL

16     18.    Without written permission from the Designating Party or a court
17 order secured after appropriate notice to all interested persons, a Party may not file
18 in the public record in this Action any Protected Material. A Party that seeks to file
19 any Protected Material under seal must comply with Civil Local Rule 79-5 for the
20 United States District Court, Central District of California, including an application
21 to file such Protected Material under seal which presents a showing of good cause
22 for the under seal filing. The application shall be directed to the Judge to whom the
23 papers are directed. Pending a ruling on the application, the Protected Material
24 subject to the application to seal shall be lodged under seal.

### TRIAL PREPARATION AND TRIAL

26     19.    Outside Counsel for the Parties shall meet and confer prior to trial and
27 attempt to develop guidelines regarding the use of "Confidential" information or
28 tangible items during the trial and any post-trial proceedings, and the pretrial

1  conference order in this Action shall set forth the treatment at trial of "Confidential"
2  documents, information or tangible items.  This Protective Order shall not extend
3  beyond commencement of trial.  Protected Material may be maintained pursuant to
4  the terms of the Protective Order during trial, only upon a showing of good cause to
5  the District Judge, in advance of trial.

6  20.  The parties agree to cooperate in providing copies of exhibits to any
7  jury empanelled in this proceeding without the "Confidential" legends, provided
8  that the Court instructs the jury that the documents and information used at trial are
9  not to be disseminated or discussed with anyone except in the context of the Action.
10 The Parties agree to cooperate in jointly obtaining an instruction from the Court to
11 effectuate this provision.

## RETURN OF DISCOVERY MATERIAL

13  21.  All provisions of this Protective Order restricting the use of
14 information obtained during discovery shall continue to be binding after the
15 conclusion of this Action.  Upon final termination of the Action each Party and
16 Outside Counsel for each Receiving Party shall each be permitted to retain one
17 copy of the pleadings, the transcripts of any hearings, trials, or depositions and the
18 exhibits introduced or otherwise used in any such filings, depositions, hearings or
19 trials containing information designated as "Confidential", and shall destroy or
20 assemble and return to each Designating Party all other documents, materials, and
21 deposition transcripts designated by the Designating Party as "Confidential" and all
22 copies or summaries thereof.   Within ninety (90) days following the final
23 termination of the Action, the Receiving Party or its Outside Counsel if requested
24 by the other Party, shall submit a written certification to the Producing Party that all
25 Protected Material was returned or destroyed and affirm that the neither the
26 Receiving Party nor its Outside Counsel has retained any copies, abstracts,
27 compilations or summaries, or reproduced or captured the Protected Material in any
28 other form or manner.

## FURTHER MOTIONS NOT PRECLUDED

22. Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

## MISCELLANEOUS

23. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

24. The Court shall retain jurisdiction to enforce the terms of this Protective Order subsequent to entry of judgment or settlement of this Action.

**IT IS SO ORDERED.**

Dated: August 27, 2010

_____
**PAUL L. ABRAMS**
**United States Magistrate Judge**

11923043

[PROPOSED] PROTECTIVE ORDER
CASE NO. CV 10-04151-GAF (PLAx)

- 14 -

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Bogart, LLC v. Plummers, Inc., et al.*, United States District Court, Central District of California Case No. CV 10-04151-GAF (PLAx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____