1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9       FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  BOGART, LLC, a Delaware limited          CASE NO. CV 10-04151-GAF (PLAx)
    liability company,
12                    Plaintiff,
13                                            **AMENDED PROTECTIVE ORDER**
    vs.
14
15  PLUMMERS, INC., a California
    corporation; SCANDINAVIAN
16  DESIGNS, INC., a California
    corporation; DANIA,
17  INCORPORATED, a Washington
    corporation; and DOES 1 through
18  50, inclusive,
19                    Defendants.

20              **PROTECTIVE ORDER**

21          Good cause having been shown to the satisfaction of this Court, it is hereby

22  ordered that the following procedures shall govern the production of all documents,

23  testimony, discovery responses, and other information in the above-captioned

24  action (the "Action"), including information produced by the parties currently

25  named - defendants Plummers, Inc., Scandinavian Designs, Inc., and Dania,

26  Incorporated ("Defendants") and plaintiff Bogart, LLC ("Plaintiff") - or later joined

27  in this Action and all third parties subject to discovery herein:

28

# GOOD CAUSE STATEMENT

1.     The issues presented by the complaint and answer in this action will most likely require an exchange of confidential business information, such as product sales, revenue and profits, customer names, business and license agreements, as well as celebrity valuation, all of which are considered proprietary and confidential to the disclosing party, because public dissemination of such could irreparably harm the disclosing party.

# PURPOSES AND LIMITATIONS

2.     Because Discovery in this Action is likely to involve the production of certain confidential business information, such as product sales information, financial information including revenues and profits, customer names and business agreements, including license agreements, and celebrity valuations, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereto stipulate to and petition the Court to enter this Amended Stipulated Protective Order (the "Protective Order") pursuant to Federal Rules of Civil Procedure ("FRCP"), rule 26(c) to protect the above enumerated information against unauthorized disclosure and to ensure that such information will be used only for purposes of this Action. The parties acknowledge that this Protective Order does not confer blanket protection on all disclosure or responses to discovery, and the protection it affords extends only to the information items listed above or elsewhere in this Protective Order.  The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 for the United States District Court, Central District of California sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

# DEFINITIONS

3.     The following terms, as used within this Protective Order are defined

1   as follows:

2        a.  Action:  means and refers to the above-captioned lawsuit entitled

3           *Bogart, LLC v. Plummers, Inc., et al*., United States District Court,

4           Central District of California Case No. CV 10-04151-GAF (PLAx), all

5           actions now or later consolidated with the Action, and any appeal from

6           the Action, through final judgment;

7        b.  Party or Parties:  any party to this Action, including all of its officers,

8           directors, employees, consultants, retained experts, and outside counsel

9           (and their support staff);

10       c.  Disclosure or Discovery Material:  all items or information, regardless

11          of the medium or manner generated, stored, or maintained (including,

12          among other things, testimony, transcripts, tangible things, writings

13          and information, whether in hard copy form, in electronically readable

14          form, verbal, or otherwise) that are produced or generated in

15          disclosures or responses to discovery in this Action;

16       d.  "Confidential" or "Highly Confidential" Information or Items:  all

17          information (regardless of how generated, stored, or maintained) or

18          tangible things that qualify for protection under standards developed

19          under the Federal Rules of Civil Procedure.

20       e.  Receiving Party:  a Party that receives Disclosure or Discovery

21          Material from a Producing Party;

22       f.  Producing Party:  a Party or non-party that produces Disclosure or

23          Discovery Material in this Action;

24       g.  Designating Party:  a Party or non-party that designates information or

25          items that it produces in disclosures or in responses to discovery as

26          "Confidential" or "Highly Confidential";

27       h.  Protected Material:  any Disclosure or Discovery Material that is

28          designated as "Confidential" or "Highly Confidential";

1      i.   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who

2      are retained to represent or advise a Party in this Action;

3      j.   <u>In-House Counsel</u>:  all attorneys who are employees of a Party;

4      k.   <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel

5      (as well as their support staffs);

6      l.   <u>Expert</u>:  a person with specialized knowledge or experience in a matter

7      pertinent to the litigation who has been retained by a Party or its

8      Counsel to serve as an expert witness or as a consultant in this Action

9      and who is not a past or a current employee of a party and who, at the

10      time of retention, is not anticipated to become an employee of a party.

11      This definition includes a professional jury or trial consultant retained

12      in connection with this litigation.

13      m. <u>Professional Vendor(s)</u>:  persons or entities that provide litigation

14      support services (*e.g.*, photocopying, videotaping, translating,

15      preparing exhibits or demonstrations, organizing, storing, retrieving

16      data in any form or medium; etc.) and their employees and

17      subcontractors.

**SCOPE**

19    4.   The protections conferred by this Protective Order cover not only

20 Protected Material, but also any information copied or extracted therefrom, as well

21 as all copies, excerpts, summaries, or compilations thereof, plus testimony,

22 conversations, or presentations by parties or counsel to or in court or in other

23 settings that might reveal the substance of the Protected Material.

**DURATION**

25    5.   Even after the termination of the Action, the confidentiality obligations

26 imposed by this Protective Order on the Parties shall remain in effect until a

27 Designating Party agrees otherwise, in writing, or a court order otherwise directs.

28

**DESIGNATION OF PROTECTED MATERIAL**

6.      Exercise of Restraint and Care in Designating Material for Protection.
Each party or nonparty that designates information or items for protection under
this Protective Order must take care to limit any such designation to specific
material that qualifies under the appropriate standards.  A Designating Party must
take care to designate for protection only those parts of material, documents, items,
or oral or written communications that qualify – so that other portions of the
material, documents, items, or communications for which protection is not
warranted are not swept unjustifiably within the ambit of this Protective Order.

7.      Manner And Timing Of Designations.  Except as otherwise provided
in this Protective Order, or as otherwise stipulated or ordered, material that qualifies
for protection under this Protective Order must be clearly designated before the
material is disclosed or produced.  Designation in conformity with this Protective
Order requires:

  a.  For documents (apart from transcripts of depositions or other pretrial or
    trial proceedings):  The designation "Confidential" or "Highly
    Confidential" should be made in the lower right hand corner of the
    document, or such other area of the document as to avoid obscuring
    any original material.  To the extent that a party produces a multi-page
    document, the legend "Confidential" or "Highly Confidential" must be
    affixed to each page of the document so designated.  A party that
    makes original documents or materials available for inspection need
    not designate them for protection until after the inspecting party has
    indicated which material it would like copied and produced.  During
    the inspection and before the designation, all of the material made
    available for inspection shall be deemed "Highly Confidential".   After
    the inspecting party has identified the documents it wants copied and
    produced, the producing party must determine which documents, or

1   portions thereof, qualify for protection under this Protective Order;

2   then, before producing the specified documents, the producing party

3   must affix the legend "Confidential" or "Highly Confidential" in the

4   manner indicated above.

5   b.  For discovery responses, the designation "Confidential" or "Highly

6   Confidential" should be made on the caption page; the Protected

7   Material should be segregated from the remainder of the discovery

8   responses and served separately.  If a Producing Party or non-party

9   agrees to make original documents or materials available for

10   inspection, that Producing Party or non-party need not designate those

11   documents or materials as Protected Material until after the inspecting

12   Party has indicated which material it would like copied and produced.

13   During the inspection and before the designation, all of the material

14   made available for inspection shall be deemed "Highly Confidential."

15   c.  Testimony taken at a deposition, conference, hearing, or trial, as well

16   as exhibits used in connection with such testimony, may be designated

17   as "Confidential" or "Highly Confidential" by making a statement to

18   that effect on the record at the deposition or other proceeding.

19   Arrangements shall be made with the court reporter taking and

20   transcribing such proceeding to bind separately such portions of the

21   transcript containing information designated as Protected Material and

22   to label such portions with the appropriate designation.  When it is

23   impractical to identify separately each portion of testimony that is

24   entitled to protection, and when it appears that substantial portions of

25   the testimony may qualify for protection, any Party and any non-party

26   that sponsors, offers, or gives the testimony may invoke on the record

27   before the deposition or proceeding is concluded a right to have up to

28   thirty (30) days from the date of receipt of a copy of the transcript to

1    identify the specific portions of the testimony as to which protection is

2    sought.  Only those portions of the testimony that are appropriately

3    designated for protection within the thirty (30) day period shall be

4    covered by the provisions of this Protective Order.  A portion of a

5    deposition transcript containing Protected Material shall not be filed

6    with the Court unless submitted in accordance with the procedures set

7    forth in paragraph 19 below.

8    d.   For information produced in some other form, and for any other

9    tangible items:  the Designating Party must affix in a prominent place

10   on the exterior of any container, canister, disk, CD, DVD, or other

11   media or receptacle in which Protected Material is kept or stored the

12   legend "Confidential" or "Highly Confidential."  If there is no place

13   upon which to put such legend, then the Designating Party must

14   describe in writing and in sufficient detail the Protected Material,

15   indicate whether the Protected Material is designated "Confidential" or

16   "Highly Confidential" and provide this writing to all other Parties

17   before or at the time production is made or, in the case of a production

18   of Protected Material by a third party, within thirty (30) days of that

19   production.

20   8.   Inadvertent Failures To Designate.  An inadvertent failure to designate

21   a disclosure or discovery materials as Protected Material at the time of production,

22   may be remedied by supplemental written notice given by the Producing Party.

23   Upon receipt of such notification, all documents, materials, or testimony so

24   designated or redesignated shall be fully subject to this Protective Order as if it had

25   been initially so designated; provided, however, that the Receiving Party shall incur

26   no liability for any previous treatment of such information in conformance with its

27   original designation.  The Party receiving such notice shall make a reasonable, good

28   faith effort to insure that any analyses, memoranda, or notes which were internally

1  generated based upon such information shall immediately be treated in

2  conformance with any such designation or redesignation.

3  　　　　9.　　Inadvertent Production of Privileged Information.  The inadvertent

4  production of any privileged document or other information during discovery in

5  this Action shall be without prejudice to any claim that such material is privileged

6  under the attorney-client or other privilege, or protected from discovery as work

7  product within the meaning of FRCP 26, and no Party or entity shall be held to

8  have waived any rights by such inadvertent production.  In the case of inadvertent

9  production, the Receiving Party, upon written request by the Producing Party, shall

10 (i) return the original and all copies of such documents within ten (10) days of

11 receiving the request, and (ii) shall not use such information for any purpose until

12 further order of the Court.  Any analyses, memoranda, or notes which were

13 internally generated based upon such information shall be destroyed.   Nothing

14 herein will restrict the Party from whom the return of the documents is requested

15 from filing a motion with the Court contesting the designation of the material as

16 privileged or protected by the work-product doctrine, from referring to the fact that

17 the material had been produced, or from generally describing the subject-matter

18 being discussed in the document; provided, however, the Party filing the motion

19 cannot quote the document or disclose the content of the document, or contend that

20 any privilege has been waived by the inadvertent production.

21 　　　　　　　**CHALLENGING CONFIDENTIALITY OBJECTIONS**

22 　　　　10.　　Timing Of Challenges.  Unless a prompt challenge to a Designating

23 Party's confidentiality designation is necessary to avoid a foreseeable substantial

24 unfairness, unnecessary economic burden, or a later significant disruption or delay

25 of the litigation, a Party does not waive its right to challenge a confidentiality

26 designation by electing not to mount a challenge promptly after the original

27 designation is disclosed.

28 　　　　11.　　Meet And Confer.  A Party that elects to initiate a challenge to a

1  Designating Party's confidentiality designation must do so in good faith and must

2  begin the process by giving written notice to the Designating Party and to all other

3  Parties in the Action.  In its notice, the Challenging Party must explain the basis for

4  its belief that the confidentiality designation is improper.  Within 10-days of the

5  date of the written challenge, the Designating Party must provide written notice to

6  the Challenging Party that it will re-designate the Protected Material as requested in

7  the written challenge or that it will not and explain the basis for its belief the

8  confidentiality designation is proper.

9        12.   <u>Judicial Intervention</u>.  A Party that elects to pursue a challenge to a

10  confidentiality designation after considering Designating Party's explanation for the

11  basis of its belief that its confidentiality designation is proper may do so according

12  to the requirements of Civil Local Rule 37.  If the Joint Stipulation required under

13  Civil Local Rule 37 or portions of the Joint Stipulation are to be filed under seal,

14  good cause must be shown to the Court as to why the Joint Stipulation or portions

15  thereof should be filed under seal.  Pending the Court's ruling on the challenge, all

16  Parties shall continue to afford the material in question the level of protection to

17  which it is entitled under the Designating Party's designation.

18            **ACCESS TO AND USE OF PROTECTED MATERIAL**

19        13.   Except with the prior consent of the Designating Party or upon prior

20  order of a court of competent jurisdiction, Protected Material shall not be disclosed

21  except in accordance with the terms of this Protective Order.  A Receiving Party

22  may use Protected Material that is disclosed or produced by another Party or by a

23  non-party in connection with this case only for prosecuting, defending, or

24  attempting to settle this litigation, including any appeals.  Such Protected Material

25  may be disclosed only to the categories of persons and under the conditions

26  described in this Protective Order.  Protected Material must be stored and

27  maintained by a Receiving Party at a location and in a secure manner that ensures

28  that access is limited to the persons authorized under this Protective Order. When

1  the Action has terminated, a Receiving Party must comply with the provisions of
2  paragraph 22 below.

3      14.   <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise
4  ordered by the Court or permitted in writing by the Designating Party, a Receiving
5  Party may disclose any Discovery Material or any other information or item
6  designated as "Confidential" only to the following:

7      a.  the Receiving Party's Outside Counsel of record in this Action, as well
8        as employees of said Outside Counsel to whom it is reasonably
9        necessary to disclose the information for purposes of this litigation, all
10        of whom shall be deemed bound by the terms of this Protective Order;

11      b.  In-House Counsel of a Receiving Party to whom disclosure is
12        reasonably necessary for the litigation and who has signed the
13        "Acknowledgement and Agreement to Be Bound by Protective Order"
14        that is attached hereto as Exhibit A;

15      c.  the officers, directors, members, and employees of the Receiving Party
16        to whom disclosure is reasonably necessary for purposes of this
17        litigation and who have signed the "Acknowledgement and Agreement
18        to Be Bound by Protective Order" that is attached hereto as Exhibit A;

19      d.  Experts (as defined in this Protective Order) of the Receiving Party to
20        whom disclosure is reasonably necessary for purposes of this litigation
21        and who have signed the "Acknowledgement and Agreement to Be
22        Bound by Protective Order" that is attached hereto as Exhibit A;

23      e.  Accountants of the Receiving Party and insurers of the Receiving Party
24        (along with their In-House and Outside Counsel), as well as officers,
25        directors, and employees of said accountants and insurers, to whom
26        disclosure is reasonably necessary for purposes of this litigation and
27        who have signed the "Acknowledgement and Agreement to Be Bound
28        by Protective Order" that is attached hereto as Exhibit A;

f. Professional Vendors, including court reporters, copy services and their staffs, to whom disclosure is reasonably necessary for purposes of this litigation;

g. during their depositions, witnesses in the Action to whom disclosure is reasonably necessary for purposes of this litigation;

h. the author of the document or the original source of the information; and

i. witnesses who have already had access to the Confidential Information.

15.     Disclosure of "Highly Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material or any other information or item designated as "Highly Confidential" only to the following:

a. the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation, all of whom shall be deemed bound by the terms of this Protective Order;

b. In-House Counsel of a Receiving Party to whom disclosure is reasonably necessary for the litigation and who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

c. Robbert de Klerk, Managing Partner of Plaintiff; Michael Crain, Outside Counsel of Plaintiff; Erling Eide, President of Defendants; Van Scotto, General Manager of Defendants; each of whom who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

d. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this litigation and who have signed the "Acknowledgement and Agreement to Be

1    Bound by Protective Order" that is attached hereto as Exhibit A;

2    e. Accountants of the Receiving Party and insurers of the Receiving Party

3    (along with their In-House and Outside Counsel), as well as officers,

4    directors, and employees of said accountants and insurers, to whom

5    disclosure is reasonably necessary for purposes of this litigation and

6    who have signed the "Acknowledgement and Agreement to Be Bound

7    by Protective Order" that is attached hereto as Exhibit A;

8    f. the Court and its personnel;

9    g. Professional Vendors, including court reporters, copy services and their

10   staffs, to whom disclosure is reasonably necessary for purposes of this

11   litigation;

12   h. during their depositions, witnesses in the Action to whom disclosure is

13   reasonably necessary for purposes of this litigation;

14   i. the author of the document or the original source of the information;

15   and

16   j. witnesses who have already had access to the Highly Confidential

17   Information.

18   16.   Agreement To Be Bound By Protective Order.

19   a. Outside Counsel for each Party will be responsible for maintaining the

20   originals of the "Acknowledgement and Agreement To Be Bound By

21   Protective Order" until the conclusion of this Action, including any

22   appeals.  At such time, Outside Counsel for each Party shall serve a

23   copy of each such acknowledgment upon Outside Counsel for each

24   other Party if requested by the other Party.  The Parties agree not to use

25   these acknowledgments for any purpose other than monitoring and

26   enforcing compliance with this Protective Order.

27   b. Any person, other than the Court, or the Court's staff, who receives

28   Protected Material pursuant to paragraph 14 or 15 above, shall not

1    disclose such information to any person who is not entitled to receive

2    such information under this Protective Order.  In addition, any such

3    person will only make such copies and summaries of the Protected

4    Material as are essential to enable him or her to render the assistance

5    required in connection with this litigation, and, upon his or her

6    termination of work in connection with the Action, will return to the

7    Outside Counsel who provided such Protected Materials to him or her

8    all such copies, of the Protected Materials and summaries thereof.  Any

9    such person shall not use the Protected Material, or any information

10   contained therein, or derived therefrom, for business or competitive

11   purposes, or for any purpose other than the prosecution or defense of

12   this Action.

13                         **DEPOSITION PROCEDURES**

14          17.     At any deposition session, when use of a document or the answer to a

15   question is likely to result in the disclosure of Protected Material, Outside Counsel

16   shall have the option, in lieu of taking other steps available under the FRCP, to

17   request that all persons other than the reporter, Counsel, and individuals specified in

18   paragraph 14 or 15 above leave the deposition room during the "Confidential" or

19   "Highly Confidential" portion of the deposition.

20          **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21          18.     The Parties acknowledge that disclosure of Protected Material, or

22   information derived therefrom, could cause irreparable harm to the interests of the

23   Designating Party.  If a Receiving Party learns that, by inadvertence or otherwise, it

24   has disclosed Protected Material to any person or in any circumstance not

25   authorized under this Protective Order, the Receiving Party must immediately

26   (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use

27   its best efforts to retrieve all copies of the Protected Material, (c) inform the person

28   or persons to whom unauthorized disclosures were made of all the terms of this

1  Protective Order, and (d) request such person or persons to execute the

2  "Acknowledgment and Agreement to Be Bound by Protective Order" that is

3  attached hereto as Exhibit A.

4  **FILING PROTECTED MATERIAL**

5      19.    Without written permission from the Designating Party or a court

6  order secured after appropriate notice to all interested persons, a Party may not file

7  in the public record in this Action any Protected Material.  A Party that seeks to file

8  any Protected Material under seal must comply with Civil Local Rule 79-5 for the

9  United States District Court, Central District of California.  The application shall be

10  directed to the Judge to whom the papers are directed.  Pending a ruling on the

11  application, the Protected Material subject to the application to seal shall be lodged

12  under seal.

13  **TRIAL PREPARATION AND TRIAL**

14      20.    Outside Counsel for the Parties shall meet and confer prior to trial and

15  attempt to develop guidelines regarding the use of "Confidential" or "Highly

16  Confidential" information or tangible items during the trial and any post-trial

17  proceedings, and the pretrial conference order in this Action shall set forth the

18  treatment at trial of "Confidential" or "Highly Confidential" documents,

19  information or tangible items.  This Protective Order shall not extend beyond

20  commencement of trial.  Protected Material may be maintained pursuant to the

21  terms of the Protective Order during trial, only upon a showing of good cause to the

22  District Judge, in advance of trial.

23      21.    The parties agree to cooperate in providing copies of exhibits to any

24  jury empanelled in this proceeding without the "Confidential" or "Highly

25  Confidential" legends, provided that the Court instructs the jury that the documents

26  and information used at trial are not to be disseminated or discussed with anyone

27  except in the context of the Action.  The Parties agree to cooperate in jointly

28  obtaining an instruction from the Court to effectuate this provision.

**RETURN OF DISCOVERY MATERIAL**

22.     All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action.  Upon final termination of the Action, including all appeals, each Party and Outside Counsel for each Receiving Party shall each be permitted to retain one copy of the pleadings, the transcripts of any hearings, trials, or depositions and the exhibits introduced or otherwise used in any such filings, depositions, hearings or trials containing information designated as "Confidential" or "Highly Confidential," and shall destroy or assemble and return to each Designating Party all other documents, materials, and deposition transcripts designated by the Designating Party as "Confidential" or "Highly Confidential" and all copies or summaries thereof.   Within ninety (90) days following the final termination of the Action, including all appeals, the Receiving Party or its Outside Counsel if requested by the other Party, shall submit a written certification to the Producing Party that all Protected Material, except Protected Material allowed to be retained as stated above, was returned or destroyed and affirm that the neither the Receiving Party nor its Outside Counsel has retained any copies, abstracts, compilations or summaries, or reproduced or captured the Protected Material in any other form or manner.

**FURTHER MOTIONS NOT PRECLUDED**

23.     Entry of this Protective Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any Disclosure or Discovery Material or other information in the course of this Action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

**MISCELLANEOUS**

24.     No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in

1   this Protective Order.  Similarly, no Party waives any right to object on any ground

2   to use in evidence any of the material covered by this Protective Order.

3          25.    The Court shall retain jurisdiction to enforce the terms of this

4   Protective Order subsequent to entry of judgment or settlement of this Action.

5          26.    Pending the Court's approval of this Amended Stipulated Protective

6   Order, the Parties shall abide by, and be subject to, the terms and conditions of this

7   Amended Stipulated Protective Order.

8          **IT IS SO ORDERED.**

9

10

11  Dated:     January 13, 2011    _____

12                                 Paul L. Abrams
                                   **UNITED STATES MAGISTRATE JUDGE**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of

_____ [print or type full address], have read

in its entirety and understand the Protective Order that was issued by the United

States District Court for the Central District of California on

_____ in the case of *Bogart, LLC v. Plummers, Inc., et al.*,

United States District Court, Central District of California Case No. CV 10-04151-

GAF (PLAx).  I agree to comply with and to be bound by all the terms of this

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I agree that I

will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Protective Order, even if such enforcement proceedings occur after termination

of this action.

I hereby appoint _____ of

_____ _____ as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____

12424367.1

[PROPOSED] AMENDED PROTECTIVE ORDER
CASE NO. CV 10-04151-GAF (PLAx)

- 17 -